UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Huyun BO,<br><br>        Plaintiff,<br><br>v.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al.,<br><br>        Defendants. | Case No.: 24-cv-2212-AGS-KSC<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS FOR APPOINTMENT OF COUNSEL (ECF 2) AND TO EXPEDITE TRIAL SCHEDULE (ECF 9)** |

  Plaintiff Huyun Bo asks the Court to appoint counsel on his behalf under 42 U.S.C. § 2000e-5 and to expedite the trial schedule. (*See* ECF 2; ECF 9.) But he does not qualify for counsel appointment and has made no showing that an expedited schedule is warranted.

  "[I]n such circumstances as the court may deem just, the court may appoint an attorney." 42 U.S.C. § 2000e-5(f)(1). When determining whether to appoint counsel under this "employment discrimination case" provision, courts consider three factors: "(1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel on his or her own; and (3) the merit of the plaintiff's claim." *Johnson v. United States Dep't of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991). Bo represents that he is unemployed with only $1,000, and that he unsuccessfully tried to retain three attorneys—so he satisfies the first two factors. (ECF 2, at 3–4, 6.) His request falters, however, at the third factor.

  To succeed on a Civil Rights Act employment-discrimination claim, Bo "must state a colorable case of employment discrimination." *See In re Farnham*, No. C-81-144 MISC, 1981 WL 26994, at *1 (N.D. Cal. Dec. 4, 1981). But his complaint is void of any allegation that he was ever employed by the defendant, so he cannot have leveled a meritorious employment-discrimination claim. The Court denies his § 2000e-5 appointment request.

  Still, the Court can separately appoint an attorney to "represent any person unable to afford counsel" pursuant to 28 U.S.C. § 1915(e)(1). But it may only do so in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). "When determining

1

whether 'exceptional circumstances' exist, a court must consider the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (cleaned up).

At this stage of the analysis, it cannot be said that Bo is likely to succeed in his "Fifth, Sixth, and Fourteenth Amendment[]" and "double jeopardy" claims. (ECF 1, at 3.) His lawsuit is premised upon his disagreement with a university's decision to "suspend[]" him "from the University of California for four calendar years" after finding that he was "stalking" his ex-girlfriend on an "extremely and invasive scale" in addition to leveling "multiple threats" against her, her pet, and her new boyfriend. (ECF 1-2, at 15.) However "unfair and irresponsible" he may believe that the decision was, his complaint does not allege anything that rises to the level of a Fifth, Sixth, or Fourteenth Amendment violation, nor any double-jeopardy concerns. (*See* ECF 1, at 3, 8.) Bo even concedes that he faces an uphill legal battle, acknowledging that the "'Double Jeopardy Clause' does not apply in this case." (*Id.* at 16.) So, although he "hopes to advance [the] American judiciary" by changing that in "this case" (ECF 1, at 16), his admitted lack of a legal basis is a strong indication that he is unlikely to succeed, *see Palmer*, 560 F.3d at 970. And his ability to recognize that fact indicates that he is "able to articulate his claims" pro se. *See id.* There are thus no "exceptional circumstances" warranting appointment of counsel in this case.

Nor has Bo made a showing that the Court should issue an "expedited trial schedule." (*See* ECF 9, at 2.) He may be "in the prime of youth" (*id.*), but that is not a sufficient ground to expedite trial—especially given the faulty merits of his claim. Bo's counsel-appointment and expedited trial requests are **DENIED**. As there are no hearings scheduled in this case, his request to appear remotely is **DENIED AS MOOT**. If the Court schedules any hearings, he may file his remote-appearance and interpretation requests at that time.

Dated: May 9, 2025

_____
Hon. Andrew G. Schopler
United States District Judge